IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALMIRALL, LLC,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   C.A. No. _____
                                        )
AMNEAL PHARMACEUTICALS LLC,             )
                                        )
            Defendant.                  )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Almirall, LLC ("Almirall"), by its undersigned attorneys, for its Complaint against Defendant Amneal Pharmaceuticals LLC ("Amneal"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the patent laws of the United States, Title 35 of the United Sates Code, arising from Amneal's filing of Abbreviated New Drug Application No. 212701 (the "Amneal ANDA") with the United States Food and Drug Administration ("FDA").  By the Amneal ANDA, Amneal seeks approval to market a generic dapsone gel, 7.5% drug product (the "ANDA Product") prior to the expiration of United States Patent No. 9,517,219 ("the '219 Patent"), which covers, *inter alia*, the use of Almirall**'s** ACZONE® Gel, 7.5% drug product.

## PARTIES

2.     Plaintiff Almirall, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, having a place of business at 707 Eagleview Boulevard, Suite 200, Exton, Pennsylvania 19341.

3.     On information and belief, Defendant Amneal Pharmaceuticals LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place

of business at 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807. On information and belief, Amneal is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

4.    On information and belief, Amneal intends to commercially manufacture, market, offer for sale, and sell the ANDA Product throughout the United Sates, including in the State of Delaware, in the event the FDA approves the Amneal ANDA.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.    This Court has personal jurisdiction over Amneal by virtue of, *inter alia*, its organization in the State of Delaware, its presence in Delaware, having conducted business in Delaware, being registered to do business in Delaware, having derived revenue from conducting business in Delaware, previously consenting to personal jurisdiction in this Court, and having engaged in systematic and continuous contacts with the State of Delaware.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

8.    On December 13, 2016, the United States Patent and Trademark Office issued the '219 patent, entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof," a copy of which is attached as **Exhibit A** to this Complaint.

9.    Almirall owns all rights, title, and interest in the '219 Patent.

## ACZONE® GEL, 7.5%

10.    Almirall is the holder of approved New Drug Application No. 207154 (the "ACZONE® NDA") for a topical drug product used to treat acne vulgaris, and containing, *inter*

*alia*, 7.5% by weight of the active ingredient, dapsone. The FDA granted approval of the ACZONE® NDA on February 24, 2016.

11. Almirall markets and sells the subject product of the ACZONE® NDA under the trade name ACZONE® Gel, 7.5%.

12. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '219 Patent is listed in the FDA publication, "Approved Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to the ACZONE® NDA and ACZONE® Gel, 7.5%.

## AMNEAL'S ANDA

13. On information and belief, Amneal submitted Amneal ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to market the ANDA Product").

14. On information and belief, the Amneal ANDA refers to and relies upon the ACZONE® NDA and contains data that, according to Amneal, demonstrate the bioequivalence of the ANDA Product and ACZONE® Gel, 7.5%.

15. On information and belief, Amneal submitted a certification to the FDA with and upon the filing of the Amneal ANDA, pursuant to 21 U.S.C. §355(j)(2)(vii)(III), reflecting that it sought approval of the Amneal ANDA effective as of the date the '219 patent will expire (a "Paragraph III Certification"), November 18, 2033.

16. On information and belief, Amneal amended the Amneal ANDA after its initial filing to convert its certification with respect to the '219 patent from its Paragraph III certification to a certification, pursuant to 21 U.S.C. §355(j)(2)(vii)(IV), that the '219 patent is invalid or will not be infringed by the manufacture, use, or sale of the ANDA Product (the "Paragraph IV Certification"), reflecting that Amneal now seeks an approval of the Amneal

ANDA effective earlier than 2033, for example, as of the date on which the Court enters any judgment reflecting a decision that the '219 patent is invalid or not infringed.

17.     On information and belief, on or about February 22, 2019, Amneal sent Almirall a "Notice of [its] Paragraph IV Certification of U.S. Patent Nos. 9,161,926 and 9,517,219 Concerning ANDA No. 212701 for Dapsone Gel, 7.5%" ("Notice Letter").  Amneal attached a memorandum (or "Detailed Statement") to its Notice Letter by which it alleged factual and legal bases for its Paragraph IV Certification.

18.     On information and belief, if the FDA approves the Amneal ANDA, Amneal will manufacture, offer for sale, and sell the ANDA Product within the United States.

19.     On information and belief, if the FDA approves the Amneal ANDA, Amneal will actively induce or contribute to the use, offer for sale, or sale of the ANDA Product within the United States.

20.     This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of Almirall's receipt of the Notice Letter on February 25, 2019.

## CLAIM FOR INFRINGEMENT OF THE '219 PATENT

21.     Almirall realleges and incorporates by reference Paragraphs 1 through 20 of this Complaint.

22.     Amneal has infringed the '219 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting the Amneal ANDA, by which Amneal seeks approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture, use, offer for sale and sale of the ANDA Product prior to the expiration of the '219 Patent.

23.     On information and belief, Amneal's sale, offer for sale, use, or commercial manufacture of the ANDA Product within the United States or importation of the ANDA Product

into the United States, during the term of the '219 patent, would infringe claims 1–8 of the '219 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

24.     Upon information and belief, Amneal's sale or offer for sale of the ANDA Product within the United States, or importation of the ANDA Product into the United States, or commercial marketing of the ANDA Product in the United States, during the term of and with knowledge of the '219 Patent, would intentionally induce others to use the ANDA Product in the United States, thus inducing infringement of claims 1–8 of the '219 patent.  On information and belief, if the FDA approves the Amneal ANDA, Amneal, through its own actions and through the actions of its agents and subsidiaries, will market and distribute the ANDA Product to resellers, pharmacies, health care professionals, and end users of the ANDA Product. Accompanying the ANDA Product, Amneal will also knowingly and intentionally include a product label and insert containing instructions for administering the ANDA Product. Accordingly, Amneal, with knowledge of the '219 Patent and knowledge that it is inducing infringement, will induce physicians and other health care professionals, resellers, pharmacies, and end users of the ANDA Product to directly infringe one or more claims of the '219 Patent.

25.     Upon information and belief, Amneal's sale or offer for sale of the ANDA Product within the United States, or importation of the ANDA Product into the United States, during the term of and with knowledge of the '219 Patent, would constitute contributory infringement of claims 1–8 of the '219 patent.  Upon information and belief, if the FDA approves the Amneal ANDA, the ANDA Product will constitute a material part of the claimed invention, will be especially made for use in infringing the claimed invention, and will have no substantial noninfringing uses.

26.    Almirall will be harmed substantially and irreparably if Amneal is not enjoined from infringing the '219 Patent.

27.    Almirall has no adequate remedy at law.

28.    Almirall is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Almirall prays for judgment in its favor and against Amneal and respectfully requests the following relief:

(a) A judgment that Amneal has infringed one or more claims of the '219 Patent;

(b) A judgment ordering that, pursuant to 35 U.S.C. §271(e)(4)(A), the effective date of any approval of the Amneal ANDA, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. §355(j)), shall not be earlier than the expiration of the '219 Patent, including any extensions, adjustments, and exclusivities;

(c) A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), preliminarily and permanently enjoining Amneal, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from manufacturing, using, offering to sell, or selling the ANDA Product within the United States, or importing the ANDA Product into the United States, prior to the expiration of the '219 Patent, including any extensions, adjustments, and exclusivities;

(d) If Amneal commercially manufactures, uses, offers to sell, or sells the ANDA Product within the United States, or imports the ANDA Product into the United States, prior to the expiration of the '219 Patent, including any extensions,

6

adjustments, and exclusivities, a judgment, pursuant to 35 U.S.C. § 271(e)(4)(C),

awarding Almirall monetary relief, together with interest;

(e) Attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

(f) Costs and expenses in this action; and

(g) Such other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com
araucci@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

James S. Trainor
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010
(212) 921-2001

Elizabeth B. Hagan, Ph.D.
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
(206) 389-4510

Rebecca A.E. Fewkes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

April 9, 2019